# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL NAVARRO,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., *et al.*,

    Defendants.

Case No. 3:18-cv-00143-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Angel Navarro—a prisoner at Menard Correctional Center and represented by counsel—sued Wexford Health Sources, Inc. and a few doctors in its employ. Wexford provides medical services at the prison, and Navarro says that Wexford's doctors provided inadequate treatment for his ruptured Achilles tendon. (Compl. ¶¶ 13–37, ECF No. 1.) So Navarro brought this suit against them all pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment, along with a collection of state-law claims.

Wexford then moved to dismiss the claims against them, specifically because Navarro's complaint relies on a theory of *respondeat superior* liability—which does not apply against private corporations in § 1983 claims. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Navarro responded by saying that *Shields* left the door open for a future Seventh Circuit panel to change its mind on the matter, and wanted to bring that up in order "to preserve the issue." (ECF No. 28, p. 2.) Magistrate Judge Daly then issued a Report and Recommendation finding that Wexford was correct, and in objection, Navarro said:

> While Plaintiff concedes that the Seventh Circuit has not yet overruled *Iskander*, Plaintiff verily believes that its underpinnings are erroneous and that it is only matter of time before the Court establishes respondeat superior liability for private corporations, such as Defendant Wexford.

(ECF No. 43, ¶ 4.) But instead of briefing to this Court why *Iskander* is erroneous, Navarro points to a pending Seventh Circuit case captioned *Gaston v Ghosh*, and "respectfully adopts the arguments advanced by the *Gaston* Amici in their brief, and specifically incorporates the filing herein"—with the "purpose of preserving the issue for any eventual appeal." (ECF No. 43, pp. 2–3.) But Navarro did not attach that clairvoyant amicus brief—nor anything else—to his objection or his response to Wexford's motion to dismiss. Navarro also points out that his counsel is involved in several district court cases at the moment that could serve as "vehicle[s]" for challenging the continued viability of *Iksander*." (*Id.* at 2.)

Usually when someone objects to a magistrate judge's finding, this Court reviews the matter *de novo*. FED. R. CIV. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). But Navarro's filing is not an objection—it is a cession of responsibility. Our judiciary works in a specific way: parties develop the record and make arguments to the district court, and if a party appeals, then the appellate court reviews everything below. That is why if a party does not raise an argument to the district court, then it is waived on appeal. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (citing *Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 691 (7th Cir. 2010)). That is also why "even arguments that have been raised may still be waived on appeal if they are underdeveloped, conclusory, or unsupported by law." *Id.* (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

And that is exactly what Navarro does here. Instead of attempting to make a persuasive argument to this Court why *respondeat superior* liability should extend to private corporations like Wexford, he says that there are pending cases on the matter in the Seventh Circuit and

"incorporates herein" an amicus brief that he does not even attach to his filing. That is a paradigmatic example of an underdeveloped—and therefore waived—argument. It does not give the district court the opportunity to address it in the first instance whatsoever—cracking a central pillar of our judiciary—and it should not be encouraged. Accordingly, the Court:

- **ADOPTS** Magistrate Judge Daly's Report and Recommendation in its entirety (ECF No. 42);

- **GRANTS IN PART** and **DENIES IN PART** the pending motion to dismiss (ECF No. 25);

- **DISMISSES** Wexford Health Sources, Inc. from Counts 2, 4, and 6 **WITH PREJUDICE**; and

- **DISMISSES** Count 8 in its entirety **WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 20, 2019**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**