IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGEL NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-143-JPG-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the discovery dispute conference held on May 28, 2019. The parties discussed Defendant Wexford's responses to Plaintiff's discovery request. The Court heard argument during the discovery dispute conference and further briefing is not necessary.

The following Requests for Production are in dispute:

1. Any and all audited or unaudited financial statements of Defendant Wexford created or relating to Defendants' finances in the last three years.

    Defendant objects to this request on the grounds that the requested documents are not relevant to any party's claims or defense, and the request is overbroad in time and scope.

2. Any and all federal tax returns of Defendant Wexford from the last three years.

    Defendant objects to this request on the grounds that the requested documents are not relevant to any party's claims or defense, and the request is overbroad in time and scope.

3. Copies of any and all documents evidencing repayments made to the State of Illinois or the Illinois Department of Corrections pursuant to the contract between the State of Illinois and Defendant Wexford Health Sources, Inc. for the time period beginning 2011 to present, including but not limited to checks, ledgers, payment schedules, and wire transfer receipts.

> Defendant objects to this request on the grounds that the requested documents are not relevant to any party's claims or defense, and the request is overbroad in time and scope.

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* The standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts. *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

## *Disputed Requests 1 & 2*

Plaintiff asserts the Defendant Wexford's financial information is relevant for his claim of punitive damages. As a general rule, "[e]vidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded…." *Newport v. Fact Concerts*, 453 U.S. 247, 270 (1981) (citing Restatement (Second) of Torts § 908(2) (1979); D. Dobbs, Law of Remedies § 3.9, pp. 218–219 (1973)). The Seventh Circuit pattern jury instruction for punitive damages in § 1983 cases also instructs: "In determining the amount of any punitive damages, [the jury] should consider the following factors…Defendant's financial condition." *See* 7th Cir. Pattern Jury Instr. 7.28.

Defendants argued the Seventh Circuit's decision in *Zazu Designs, Inc. v. L'oreal, S.A.*, 979 F.2d 499 (7th Cir. 1992), sets forth an exception to this rule for corporate defendants. In *Zazu*, the Seventh Circuit reversed the lower court's holding that the defendant had infringed on

plaintiff's trademark, finding that the undisputed facts did not support such a result. The lower court had calculated punitive damages by taking five percent (5%) of the defendant's believed net worth ($20 million), or $1 million. In discussing the punitive damages award, the Seventh Circuit noted that "[c]ourts take account of a defendant's wealth when an amount sufficient to punish or deter one individual may be trivial to another." The Court went on to discuss a distinction between corporations and individuals:

> For natural persons the marginal utility of money decreases as wealth increases, so that higher fines may be needed to deter those possessing great wealth. ("May be" is an important qualifier; the entire penalty includes extra-judicial consequences, such as loss of business and other future income, that is likely to be greater for wealthier defendants.) Corporations, however, are not wealthy in the sense that persons are. Corporations are abstractions; investors own the net worth of the business. These investors pay any punitive awards (the value of their shares decreases), and they may be of average wealth. Pension trusts and mutual funds, aggregating the investments of millions of average persons, own the bulk of many large corporations. Seeing the corporation as wealthy is an illusion, which like other mirages frequently leads people astray.
> …
> Corporate assets . . . are unrelated to either the injury done to the victim or the size of the award needed to cause corporate managers to obey the law.

*Id.* at 508. Defendant Wexford argues the language implies that for a corporate defendant, its financial condition is irrelevant for purposes of calculating punitive damages. Defendant asserts that Plaintiff's discovery requests are not relevant, and, therefore, not discoverable. Plaintiff argues that the passage is *dictum* and should not be followed.

This issue has been evaluated by numerous district courts in this circuit. Some district courts have found *Zazu* was "controlling precedent" for the proposition that, at least for corporate and institutional entities, "evidence of a defendant's wealth should be irrelevant to the assessment of punitive damages." *See Yund v. Covington Foods, Inc.*, 193 F.R.D. 582 (S.D. Ind. 2000); *Pivot Point Int'l, v. Charlene Products, Inc.*, 932 F.Supp. 220, 223 (N.D. Ill. 1996). A majority of district courts, however, have found the Court's passage in *Zazu* to be *dictum* and declined to

follow *Zazu's* proclamation on punitive damages as binding precedent. See, e.g. *Donald v. Wexford Health Sources, Inc.,* 266 F. Supp. 3d 1097, 1099-1100 (C.D. Ill. 2017) (collecting cases); *Jones v. Scientific Colors, Inc.,* 2001 WL 902778 (N.D. Ill.); *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893, 898-99 (N.D. Ill. 2014); *Cox v. Prime Fin. Mortgage Corp.,* 2006 WL 1049948 (N.D. Ill. 2006).

This Court agrees with the majority of other district courts in finding the passage in *Zazu* is *dictum*. Further, this Court does not interpret *Zazu* as stating corporate wealth is wholly irrelevant to an award of punitive damages. While the Seventh Circuit in *Zazu* cautioned against calculating an award of punitive damages based solely upon a corporation's percentage of net worth, it did not conclude that corporate net worth is entirely and always irrelevant. Pursuant to the rule espoused by the Supreme Court in *Newport*, and the direction provided in the Seventh Circuit's pattern jury instructions, the Court finds that the financial information Plaintiff seeks in the disputed requests 1 and 2 is relevant to Plaintiff's claim for punitive damages. Further, the Court finds Plaintiff's requests for documents pertaining to the last three years proportionate under the circumstances.

Defendant Wexford is **ORDERED** to supplement its responses to requests 1 and 2 and provide the requested documents by **June 13, 2019**.

*Disputed Request 3*

Plaintiff's third request for documents pertains to repayments made to the State of Illinois pursuant to the contract between the State and Defendant Wexford. Plaintiff is pursuing a claim against Wexford for maintaining a policy of denying and delaying needed medical services in favor of ineffectual treatments and denial of care in order to save costs, resulting in inadequate and

untimely treatment of Plaintiff's ruptured Achilles tendon. Plaintiff argues the repayments made to the State of Illinois by Wexford are relevant to the policy claim regarding cost-saving.

Defendant objects that the requested documents are not relevant to Plaintiff's claim and that the request is overbroad. The Court finds that documents evidencing repayments made by Defendant Wexford is relevant to Plaintiff's claim alleging cost-saving policies. The Court will, however, limit the request to documents beginning in 2013 to present.

Defendant Wexford is **ORDERED** to supplement its response to request 3 and provide the requested documents beginning 2013 to present by **June 13, 2019**.

**IT IS SO ORDERED.**

**DATED: May 30, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**